OPINIÓN OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
None of the errors urged by defendant warrants reversal of his conviction. It was not an abuse of discretion by the trial court to exclude testimony offered by defendant to establish possible motive on the part of a prosecution *934 witness and her boyfriend to have committed the crime with which defendant was charged. Because this evidence related to collateral issues and the times of the events sought to be established by the testimony were not specified, its admission was committed to the sound discretion of the Trial Judge. Inasmuch as no argument was then advanced that the testimony was admissible to show bias on the part of the witness, this issue was not preserved for our review.
The statements made by defendant to Police Officers Rafferty and Bishop were found by the Appellate Division to have been made in noncustodial settings; the suppression court had made no findings in this regard. We cannot say, on the record before us, that the factual determination made by the Appellate Division was erroneous as a matter of law. Although the statements thereafter made by defendant at the Public Safety Building were elicited while he was in custody, based on testimony in the record the courts below both found that defendant had previously been given the preinterrogation warnings to which he was constitutionally entitled and had then waived the rights of which he was* advised.
Defendant’s contention that he was denied his constitutional right to counsel in view of his representation in an unrelated criminal proceeding must be rejected inasmuch as there is no evidence in the record that the interrogating police officers had any knowledge of the unrelated proceeding or of defendant’s representation by counsel therein (People v Kinchen, 60 NY2d 772).
Finally, we conclude that the evidence was sufficient to sustain the verdict returned by the jury. There was testimony from which the jury could have concluded that defendant had exclusive access to his apartment in which the victim’s body was found and had been observed outside the apartment with the victim in the afternoon preceding her death and coming out of the apartment alone thereafter, and statements made by defendant properly received in evidence disclosing a pattern of inconsistent, and sometimes false, exculpatory stories permitted the jury to draw an inference of defendant’s consciousness of guilt.
*935 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.