■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KANELOS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered September 17, 1981, convicting him of murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant, while driving a van in an intoxicated condition, took out a loaded weapon, pointed it at his long-time friend, intending to frighten him, and pulled the trigger. In so doing, he mortally wounded Ronald Wilshusen. Under no view of the evidence can it be said that defendant failed to perceive the grave risk that the weapon was operable and loaded, and that his act of pulling the trigger would result in the death of Wilshusen. His intoxication could not operate to reduce his reckless act to a negligent one (Penal Law, § 15.05, subd 3). Accordingly, it was not error for the trial court to refuse to charge the jury on criminally negligent homicide. Even were we to decide otherwise, the error would be harmless. The jurors were instructed on "depraved indifference" murder (Penal Law, § 125.25, subd 2) and the lesser included offense of manslaughter in the second degree (Penal Law, § 125.15, subd 1). By rejecting manslaughter in the second degree and convicting defendant of murder in the second degree and manslaughter in the first degree, the jury necessarily rejected all lower degrees of homicide (see *People v Richette,* 33 NY2d 42, 45-46; cf. *People v Green,* 56 NY2d 427, 435).

We further find that the evidence was sufficient to establish "depraved indifference" murder. The evidence established that

when defendant recklessly fired the weapon in the closed vehicle, he not only endangered the life of Ronald Wilshusen, but also a second passenger sitting beside him. He did not stop the vehicle to ascertain the mortally wounded victim's condition, and refused to take him to a hospital. Instead he abandoned the still-breathing victim in the snow in a deserted area. It is clear that the crime was "committed under circumstances which evidenced a wanton indifference to human life or a depravity of mind" (*People v Register,* 60 NY2d 270, 274). Here the jury's role was to "make a qualitative judgment whether defendant's act was of such gravity that it placed the crime upon the same level as the taking of life by premeditated design * * * [and] defendant's conduct, though reckless, was equal in blameworthiness to intentional murder" (*People v Register, supra,* pp 274-275). The evidence supported the verdict. Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.