THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZORAN JORDAN, Appellant. 

Since defendant never challenged during the suppression hearing the propriety of his waiver of the *Miranda* rights with respect to the first statement made to Detective McGuiness, that issue has not been preserved for appellate review as a matter of law (*People v Tutt,* 38 NY2d 1011; *People v Harris,* 79 AD2d 615).

Moreover, there is ample credible evidence in the record to establish that defendant's brother, who spoke the same language and dialect as defendant, twice translated the *Miranda* rights from English into Serbo-Croatian before any statement was made. Approximately three and one-half hours later, defendant was escorted by Detective McGuiness and another police officer to the Criminal Court Building where a tape-recorded statement was taken before an Assistant District Attorney. Defendant was given the *Miranda* warnings again immediately before the questioning began, only this time a person other than defendant's brother acted as interpreter. It is the sufficiency of these warnings that has been challenged.

After carefully reviewing the testimony at the hearing, we find that defendant was sufficiently advised of his constitutional rights and effectively waived them. It is not necessary that the police mouth " 'a ritualistic formula' " so long as the words used convey the substance of the *Miranda* rights with all the requisite information (*People v Congilaro,* 60 AD2d 442, 448, quoting from *United States v Vanterpool,* 394 F2d 697, 699; *People v Swift,* 32 AD2d 183, *cert denied* 396 US 1018).

In any event, defendant remained in continuous custody between the time he made the first oral statement and the second tape-recorded statement. Under the circumstances, it is not reasonable to assume defendant forgot or no longer understood the rights interpreted for him only a few hours previously by his brother, even if the second statement had not been preceded by

another valid waiver of his *Miranda* rights (*see, People v Glinsman,* 107 AD2d 710; *People v Crosby,* 91 AD2d 20, *lv denied* 58 NY2d 974).

Further, there was no abuse of discretion with respect to the sentence imposed by the court which would warrant this court's intervention (*see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.