■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRICE COTTLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered October 2, 1984, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Viewing the evidence in a light most favorable to the People, as we are obliged to do at this stage in the proceedings, and giving it the benefit of every reasonable inference to be drawn therefrom (see, People v Giuliano, 65 NY2d 766, 768; People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), we conclude that the jury's verdict is supported by sufficient evidence (see, People v Contes, 60 NY2d 620, 621). While the testimony elicited at trial contains certain inconsistencies, the jury evidently resolved these inconsistencies against the defendant. The responsibility for resolving questions relating to the credibility of witnesses lies with the triers of fact (see, People v Malizia, supra; People v Herriot, 110 AD2d 851, 852; People v Morgan, 107 AD2d 718) and their determination in this regard may not be overturned lightly on appeal (see, People v Bigelow, 106 AD2d 448, 449-450).

At bar, two eyewitnesses contradicted the defendant's claim that he was merely a bystander and did not participate in the robbery. The testimony of these same two eyewitnesses further controverted the defendant's contention that he did not intend to cause serious physical injury to the victim he assaulted. Similarly, the testimony of three disinterested eyewitnesses to the murder of which the defendant stands convicted rendered the defendant's version of the incident wholly incredible. Having resolved these credibility issues in favor of the prosecution, the jury returned a verdict finding the defendant guilty beyond a reasonable doubt of the crimes charged. The evidence is sufficient to justify the jury's finding of guilt and, therefore, we will not disturb it.

The defendant next contends that evidence of uncharged crimes admitted against him deprived him of a fair trial.

Although evidence of a prior robbery was elicited during the testimony of two prosecution witnesses, the court's prompt curative instructions were sufficient to dispel any possible prejudicial effect attributable to such evidence *(see, People v Berg,* 59 NY2d 294, 300; *People v Jalah,* 107 AD2d 762; *People v Cuevas,* 99 AD2d 553). Moreover, since the record clearly reflects that the defendant did not participate in and was not present during the uncharged robbery, the rule precluding evidence of uncharged crimes committed by a defendant has no application.

Lastly, we find that the trial court properly refused the defendant's request to charge criminally negligent homicide as a lesser included offense of intentional murder. Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offense but not the greater *(see, People v Blim,* 63 NY2d 718, 720; *People v Kanelos,* 107 AD2d 764). Alternatively, even assuming, arguendo, that the trial court erred in refusing to charge criminally negligent homicide, the error would be harmless. The jurors were instructed on the lesser included offenses of manslaughter in the first degree and manslaughter in the second degree. In convicting the defendant of murder in the second degree, the jury necessarily rejected all lower degrees of homicide *(see, People v Kanelos, supra).* Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.