■ The People of the State of New York, Respondent, v Curtis Scoon and William Morris, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Appelman, J.), both rendered June 11, 1986, convicting each of them of assault in the second degree, upon a jury verdict, and imposing sentences.

Ordered that the judgments are reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The trial court improperly precluded the defendants from cross-examining the complainant as to the underlying acts of his prior youthful offender adjudication for grand larceny. While the trial court has discretion with respect to the permissible scope of cross-examination of a witness on the basis of prior bad acts, where, as in the instant case, the issue of the credibility of the complainant's testimony vis-à-vis the defendant's testimony was crucial, that issue was closely contested, and where the underlying acts of a grand larceny youthful offender adjudication would provide vital information going directly to the issue of the complainant's dishonesty (and thus

to the issue of his credibility at trial), it was prejudicial error to preclude such cross-examination (see, e.g., People v Jones, 115 AD2d 302; People v Meurer, 86 AD2d 636). The improper preclusion of questioning concerning the underlying facts of a youthful offender grand larceny adjudication was exacerbated by the prosecutor in his summation when he commented as to the complaining witness as follows: "Not one of those crimes involved dishonesty * * * he's not a liar".

Moreover, the prosecutor improperly and repeatedly commented on matters not in evidence—namely, the contents of a radio transmission calling the police to the scene of the crime, and a police report, neither of which had been admitted into evidence and both of which allegedly indicated that gunshots had been fired—in an improper attempt to corroborate the complainant's testimony that he had been pistol-whipped and shot at by defendants. Since the defendants claimed that they did not have any guns, and since an element of the crime of assault in the second degree for which they were convicted requires that physical injury be caused by use of a deadly weapon or a dangerous instrument (Penal Law § 120.05 [2]), the prosecutor's reference to matters not in evidence, and his asking the jury to infer that such matters corroborated the complainant's testimony, was highly prejudicial (see, e.g., People v Wright, 41 NY2d 172, 175; People v Billingsley, 74 AD2d 645).

Finally, during summation the prosecutor asked the jury to infer that the defendants were selling drugs, although no such evidence or testimony was presented at trial to support such an inference. That improper comment was similarly prejudicial (see, e.g., People v Blackman, 88 AD2d 620). The cumulative effect of all those errors requires a new trial. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.