■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS DE GEORGE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered January 15, 1987, convicting him of assault in the first degree and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

On the evening of February 11, 1985, while the defendant, his girlfriend Donna Barreiro and her sister, Cynthia Cassano, were drinking in Captain Steve's bar in Lynbrook, New York, Gary Campbell entered and intruded into their conversation. While initially the tone was friendly, allegedly the already inebriated Campbell became obnoxious as he became more intoxicated, and a shoving match ensued between him and the defendant. As the struggle intensified, the defendant drew a .38 caliber handgun from a shoulder holster. The gun discharged, striking Campbell in the neck, and rendering him quadriplegic.

On appeal, the defendant alleges that the admission into evidence of testimony that he did not respond when the first officer to arrive at the bar asked what had happened, as well as testimony that he had not himself telephoned the police nor insisted that someone else do so, violated his constitutional right against self-incrimination, and could not properly be used for impeachment purposes since it was more prejudicial than probative. The defendant further contends that the trial court erred in refusing to charge the jury to draw no inference from the fact that a codefendant, whose case was severed from his own, did not testify; and that the trial court's scheduling of his trial before the codefendant's deprived him of the right to call this exculpatory witness, who would invoke her Fifth Amendment right against self-incrimination. These "errors", the defendant maintains, were compounded by the

prosecutor's improper remarks on summation, the cumulative effect of which was to deny him a fair trial. We find the defendant's contentions to be without merit.

It is well established that a defendant's postarrest silence cannot be used in a prosecutor's case-in-chief, or to impeach the defendant's credibility on cross-examination *(People v Von Werne,* 41 NY2d 584; *People v Conyers,* 52 NY2d 454). However, in the instant case the "silence" at issue occurred before the defendant was arrested. Nor was the police officer's general query as to what had happened a prearrest "interrogation" of the defendant so as to trigger the rule enunciated in *Von Werne (supra)* where the defendant, after receiving his *Miranda* warnings, was questioned extensively in his own home, under custodial conditions, before declining to be questioned further without an attorney. As the United States Supreme Court stated in *Miranda v Arizona* (384 US 436, 477), "[O]ur decision is not intended to hamper the traditional function of police officers in investigating crime * * * General on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding".

Moreover, the defendant's "silence" was probative of an essential element of the charge of assault in the first degree, namely, "depraved indifference to human life", which the People were obliged to prove beyond a reasonable doubt. Contrary to the defendant's suggestion, "depraved indifference" can be proven by means of testimony regarding a defendant's actions after the complainant is injured *(People v Kanelos,* 107 AD2d 764). The probative value of this evidence therefore considerably outweighed its potential for prejudice, particularly in view of the fact that approximately one hour following this "silence", and after having received his *Miranda* warnings, the defendant voluntarily related his version of the events to the police, without maintaining his "silence" until counsel could be present.

Relying on *People v Thomas* (51 NY2d 466), the defendant alleges that the trial court erred in not charging the jury that no inference should be drawn from the fact that his girlfriend did not testify. However, that case holds that a neutral instruction should be given when a witness of whom the jury is aware "has been barred from the stand due to his refusal to testify" *(supra,* at 473). There is no indication in the instant record that the defendant's girlfriend refused to testify or intended to invoke her Fifth Amendment right. In fact, when at length he indicated that he would not call the girlfriend to

the stand, the defendant's counsel indicated that it was because the codefendant's counsel refused to let him talk to and prepare the witness, on the basis of attorney-client privilege. Since he elected to dispense with her testimony, the trial court properly refused to give the charge that he requested.

The prosecutor did not comment during summation upon the defendant's failure to call his girlfriend to the stand. Therefore, there was no violation of the rule of *People v DeJesus* (42 NY2d 519). The reference to the girlfriend's concealing of the defendant's weapon was designed to suggest that the shooting was not an innocent accident, as she had evidently recognized.

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.