■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY MILLS, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Heller, J.), rendered February 18, 1987, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On September 17, 1985, the defendant, the owner and operator of a video game store which the 14-year-old complainant patronized, fired a shotgun at the complainant, seriously injuring him. The defendant contended that he shot the complainant because he lunged at him with a knife. The complainant admitted to a verbal altercation with the defendant but testified that he was unarmed and in the process of exiting the store when he was shot. There were no witnesses to the shooting, no knife was recovered and the jurors' verdict depended entirely on their assessment of the defendant's and the complainant's credibility.

Given these facts, two erroneous rulings by the trial court require that a new trial be had. First, the court improperly precluded any cross-examination of the complainant with regard to two allegedly immoral, vicious and criminal acts committed by him. In one instance, the court precluded cross-examination on the ground that the complainant was a juvenile at the time thereof. In the other, cross-examination was precluded because the alleged conduct occurred subsequent to the date of the incident on which the defendant was being tried. Neither reason proffered was a valid ground for barring impeachment of the witness by use of prior bad acts reflecting on his credibility and character for truthfulness *(see, People v Matthews,* 68 NY2d 118; *People v Memminger,* 126 AD2d 752; *People v Brailsford,* 106 AD2d 648).

Second, the court erred in allowing the prosecutor to present a witness in rebuttal to impeach the defendant's claim in his testimony that he possessed a license for his shotgun. Since the only charge against the defendant was assault, the issue of whether the gun used by him was licensed was collateral and was not subject to impeachment by extrinsic proof *(see, People v Pavao,* 59 NY2d 282, 288-289; *People v Rivers,* 109 AD2d 758, 761). The court's erroneous rulings cannot be considered harmless in view of the conflicting evidence and the paramount importance of the jury's proper assessment of the parties' credibility in this case *(see, People v Gonzalez,* 100 AD2d 852).

We have reviewed the defendant's remaining contentions

and find them to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.