■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC V. BOYAJIAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered December 18, 1985, convicting him of grand larceny in the third degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of stealing a wallet containing credit cards from the trouser pocket of the victim, as the victim was trying on a new pair of slacks in a fitting room at Gimbel's Department Store in Roosevelt Field. The victim, joined by two security guards, pursued the defendant through the store. The defendant, who discarded the victim's wallet during his flight, was finally apprehended by one of the security guards.

On appeal, the defendant argues that the trial court erroneously limited his cross-examination of one of the security guards, that the prosecutor improperly vouched for the credibility of his witnesses during his summation, that the court should not have denied his request for a missing witness charge, and that the court improperly instructed the jury that the People were not required to prove that the defendant knew that there were credit cards in the stolen wallet. We find the defendant's contentions to be without merit.

It is well settled that "[t]he nature and extent of cross-examination is subject to the sound discretion of the Trial

Judge" *(People v Schwartzman,* 24 NY2d 241, 244, *cert denied* 396 US 846; *People v Cassidy,* 115 AD2d 487, *lv denied* 67 NY2d 649). In this case, the trial court properly exercised its discretion in refusing to permit cross-examination into the training received and the procedures employed by the security guards, as well as into what the witness in question may have been instructed as to possible liability for a false arrest, since these matters were not in issue, nor could they have had any impact upon the credibility of the witness, who merely pursued the suspect and observed his apprehension by a fellow security guard.

Turning to the prosecutor's summation, the majority of the remarks made by the prosecutor were not objected to at trial, and, therefore, any issues of law with respect thereto are not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, they constituted a fair response to the defense counsel's summation, which attacked the credibility of the victim and both security guards *(see, People v Hayes,* 116 AD2d 737, *lv denied* 67 NY2d 884). Any error with respect to the prosecutor's suggestion, which was objected to, that the two security guards had no reason to lie was harmless in view of the overwhelming evidence of the defendant's guilt *(People v Crimmins,* 36 NY2d 230).

The defendant was not entitled to a missing witness charge with regard to the People's failure to produce the anonymous saleswoman who was said to have retrieved the victim's wallet after the defendant discarded it, and to have turned it in to the store's security office. The defendant fails to indicate the threshold "material issue" as to which this witness could be expected to have knowledge, and by waiting to raise the matter of the alleged "missing" saleswoman until after both the trial and the charge were completed, he failed to make his application in timely fashion, "so that the court [could] appropriately exercise its discretion and the parties [could] tailor their trial strategy to avoid 'substantial possibilities of surprise' " *(People v Gonzalez,* 68 NY2d 424, 428, quoting from McCormick, Evidence § 272, at 806 [3d ed]).

Furthermore, we find equally unpersuasive the defendant's argument that it was improper or confusing for the trial court to charge that the People were not required to prove that he "knowingly" stole and possessed the victim's credit card. In order to prove a defendant guilty of grand larceny in the third degree, and of criminal possession of stolen property in the second degree, the People's burden was met when they established that the defendant stole property, and that the property

stolen and retained fit one of the categories specified in Penal Law former §§ 165.45 and 155.30 *(People v Burgin,* 135 AD2d 1106, *lv denied* 71 NY2d 893).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Kunzeman and Spatt, JJ., concur.