■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MICHELINE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered December 22, 1987, convicting him of assault in the second degree, vehicular assault in the second degree, and operating a vehicle under the influence of alcohol (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

This appeal arises from an incident in which the defendant, who had been drinking, drove a van through a red light and struck a pedestrian. The defendant argues that he cannot be convicted of both assault in the second degree, which involves recklessness, and vehicular assault in the second degree, which involves negligence, because these crimes involve inconsistent mental states. The record reveals, however, that the defendant never raised this point at trial and as a result has not preserved the issue for appellate review (see, People v Smith, 144 AD2d 505; People v Moloi, 135 AD2d 576; People v Paxhia, 140 AD2d 962; CPL 470.05 [2]).

The defendant also claims that the results of the breathalyzer test were improperly admitted, violating his due process right to a fair trial. Again, the defendant failed to raise this issue at trial, and therefore, this question also has not been preserved for appellate review.

Considering the circumstance of this case, we decline to reach the unpreserved issues in the exercise of our interest of justice jurisdiction. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.