■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEWIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered February 20, 1986, convicting him of murder in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lombardo, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the *Miranda* warnings given to him were insufficient because the last inquiry, e.g.: "Now that I have advised you of your rights, are you willing to answer questions", did not include the phrase: "without the presence of an attorney". It is not necessary that the police " 'mouth "a ritualistic formula" so long as the words used convey the * * * requisite information' " *(People v Anderson,* 146 AD2d 638, 640, quoting *People v Jordan,* 110 AD2d 855). A review of the *Miranda* warnings read to the defendant reveal that he was sufficiently advised of his constitutional rights and that the language used

satisfied the standards set forth in *Miranda v Arizona* (384 US 436). Furthermore, the record shows that the defendant understood his rights and expressly waived them.

The defendant failed to establish his affirmative defense to the felony murder charge. There was ample proof by which the jury could conclude that the defendant had reasonable grounds to believe that one of the other participants in the crime was armed with an instrument readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons *(see,* Penal Law § 125.25 [3] [c]).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]). Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.