■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered September 20, 1988, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of two to four years' imprisonment for grand larceny in the fourth degree and a definite term of one-year imprisonment for criminal possession of stolen property in the fifth degree.

Ordered that so much of the appeal as is from the sentence imposed upon the conviction of criminal possession of stolen property in the fifth degree is dismissed as academic; and it is further,

Ordered that the judgment is affirmed insofar as reviewed.

Contrary to the defendant's contention, we discern no error in the trial court's limitation of cross-examination with respect to a prosecution witness. It is firmly established that the degree of control to be exercised over the nature and extent of cross-examination is a matter addressed to the sound and broad discretion of the trial court (see, *People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Boyajian,* 148 AD2d 740). Inasmuch as the matters which the defendant's

trial counsel sought to further explore on cross-examination in this case were largely collateral and had already been adequately covered, it cannot be said that the court improvidently exercised its discretion in precluding additional questioning with regard to these matters *(see, e.g., People v Boyajian, supra)*. In any event, even if it were assumed that the court's rulings were erroneous, the error would be harmless in view of the strong evidence of the defendant's guilt and the limited relevance of the testimony provided by the witness with regard to whom further cross-examination was sought *(cf., People v Mills,* 146 AD2d 810; *People v Scoon,* 130 AD2d 597).

The defendant's challenge to the sentence imposed on his conviction of criminal possession of stolen property in the fifth degree, which term was made to run concurrently with the greater sentence he received on his conviction of grand larceny in the fourth degree, has been rendered academic by reason of the fact that he has already fully served the challenged sentence *(see, People v Reyes,* 74 NY2d 837). Accordingly, so much of his appeal as concerns the propriety of that sentence is dismissed. Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.