■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS THOMCHES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered September 29, 1986, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Linakis, J.), after a hearing, of that branch of the defendant's motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the trial court did not err in limiting cross-examination with respect to certain prosecution witnesses. It is firmly established that the degree of control to be exercised over the nature and extent of cross-examination is a matter addressed to the sound and broad discretion of the trial court (see, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846; People v Anderson, 168 AD2d 624). Inasmuch as the matters which the defense counsel sought to further explore on cross-examination in this case were largely collateral, it cannot be said that the court improvidently exercised its discretion in precluding additional questioning with regard to those matters (see, People v Boyajian, 148 AD2d 740). In any event, even if it were assumed that the court's rulings were erroneous, the error would be harmless in view of the strong evidence of the defendant's guilt and the limited relevance of the testimony provided by the witnesses with regard to whom further cross-examination was sought (see, People v Anderson, supra; cf., People v Mills, 146 AD2d 810; People v Scoon, 130 AD2d 597).

In view of the defendant's failure to raise an objection to that portion of the trial court's charge which submitted the counts of intentional murder and depraved mind murder in

the conjunctive, rather than in the alternative *(see, People v Gallagher,* 69 NY2d 525), and his failure to raise the claim of inconsistent verdicts prior to the discharge of the jury, this error has not been preserved for appellate review *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745; *People v Micheline,* 154 AD2d 624; *People v Smith,* 144 AD2d 505). Moreover, we decline to address this claim in the interest of justice under the circumstances of this case *(see, People v Micheline, supra,* at 624; *People v Smith, supra,* at 506).

The trial court properly refused the defendant's request to charge criminally negligent homicide as a lesser included offense of murder in the second degree. Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offense but not the greater *(see, People v Seymour,* 143 AD2d 1064, 1065; *People v Cottle,* 123 AD2d 326, 327). Indeed, the statement which the defendant made to police upon his arrest demonstrated that he perceived the risk of injury to the victim in firing the gun at her, as he had fired the gun shortly before and observed that it made a hole in a wall. The defendant claimed at the trial that the gun went off accidentally when it was thrown to him by the codefendant. However, this version of the shooting, if credited, would only have supported an acquittal on the basis of an accidental shooting. Hence, neither account of the homicide proffered by the defendant reasonably could have supported a verdict finding him guilty of criminally negligent homicide, and the court properly declined to charge this offense.

We find unpersuasive the defendant's contention that the *Miranda* warnings given to him were insufficient because the last inquiry, e.g., "Now that I have advised you of your rights, are you willing to answer questions", did not include the phrase: "[w]ithout an attorney present". It is not necessary that the police " 'mouth "a ritualistic formula" so long as the words used convey the * * * requisite information' " *(People v Anderson,* 146 AD2d 638, 640, quoting from *People v Jordan,* 110 AD2d 855; *see, People v Lewis,* 163 AD2d 328). A review of the *Miranda* warnings read to the defendant reveal that he was sufficiently advised of his constitutional rights and that the language used satisfied the standards set forth in *Miranda v Arizona* (384 US 436). Furthermore, the record shows that the defendant understood his rights and expressly waived them.

The defendant also argues that his sentence must be vacated based on the fact that he did not receive a copy of the

presentence probation report at least one court day prior to sentencing as required by CPL 390.50 (2). However, the claim that sentencing could not go forward based on a violation of this statute was never raised before, or considered by, the sentencing court. Accordingly, the present claim that vacatur is mandated by the statutory violation has not properly been preserved for appellate review and we decline to reach the issue under the circumstances of this case. The record of the sentencing proceedings does demonstrate that, after receiving and reviewing the probation report, the defendant's counsel requested an unspecified adjournment in order to prepare a response consisting of character letters, some of which apparently had been solicited and not yet received. The court denied the request. Inasmuch as the defendant's counsel admitted that he already had received a period of three weeks within which to obtain the desired character letters and any other material, conceded that the probation report "was generally sympathetic to the defendant", failed to challenge any aspect of the report, and presented a cogent and well-reasoned sentencing argument in favor of his client, we conclude that the court's denial of the application for an unspecified adjournment did not constitute an improvident exercise of its broad discretion with regard to such matters.

The defendant's remaining claims of error are either without merit or are harmless under the circumstances of this case. Brown, Sullivan and Eiber, JJ., concur.

Mangano, P. J., dissents and votes to reverse the judgment appealed from, and to order a new trial, with the following memorandum: Contrary to the majority's determination, I am of the view that the trial court erred in refusing the defendant's request to charge criminally negligent homicide as a lesser included offense of murder in the second degree.

One acts with criminal negligence by failing "to perceive a substantial and unjustifiable risk [that a result described by a criminal statute] will occur" (Penal Law § 15.05 [4]). In support of its determination that a charge on criminally negligent homicide was not warranted in this case, the majority initially focuses on the defendant's statement to the police upon his arrest.

It is true that the defendant's statement to the police demonstrated that he perceived, rather than failed to perceive, the risk of injury to the victim in firing the gun at her, and disregarded the same. Specifically, in his statement to the police, the defendant indicated that he had fired the gun

shortly before the fatal shot based on the codefendant's assurance that it contained blanks, and observed that it made a hole in a wall. However, it should be stressed that the defendant, during his trial testimony, repudiated that part of his statement to the police concerning his observation of the hole in the wall.

As an alternate approach, the majority focuses on that part of the defendant's trial testimony which seemed to indicate that the gun went off accidentally when it was thrown to him by the codefendant. However, it should be noted that (1) the defendant indicated in his statement to the police that he had "pointed the gun" and (2) an expert in the field of ballistics testified during the People's rebuttal case that the gun which was used to kill the victim could not have been fired unless the trigger had been pulled to its "extreme rear" position.

Under these circumstances, there exists a reasonable view of the evidence which could support a jury finding that the defendant committed the lesser offense of criminally negligent homicide but not the greater offense of murder in the second degree (see, People v Green, 56 NY2d 427, 432-434; People v Glover, 57 NY2d 61; CPL 300.50 [1]).