■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DODDY, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the suppression court erred in concluding that defendant was not in custody when he admitted shooting Kenneth Hughes. In determining whether an individual is in custody, "[t]he standard to be applied is whether a reasonable person, innocent of any crime, would have felt free to leave" *(People v Harris,* 48 NY2d 208, 215). Here, defendant willingly accompanied the police to the Walton Street bridge to help them locate the shotgun he had thrown into the creek. At the bridge, defendant showed the officers where he had thrown the shotgun and, while the officers searched the creek, defendant sat in the back seat of the police car with the car door open and his feet on the curb, awaiting a ride home. While defendant was in the car the officers intermittently questioned defendant and he admitted accidentally shooting Hughes. There is no suggestion of threats, intimidation or any physical restraint of defendant by the officers. Given those circumstances, we find no basis to disturb the suppression court's determination that defendant was not in custody when he made that statement to the police *(see, People v Johnson,* 91 AD2d 327, 330-331, *affd* 61 NY2d 932). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.