■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SABU QUINONES, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered April 25, 1991, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of imprisonment of 20 years to life and 5 to 15 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support the verdict finding defendant guilty beyond a reasonable doubt of murder. Defendant was identified by an eyewitness as one of the perpetrators who gunned down the 14-year-old victim. Evidence was adduced that defendant's mother, his co-defendant, and the eyewitness' sister all lived in the same building near the crime scene. The eyewitness recognized defendant from the neighborhood, and was warned by defendant, after the shooting, to forget about what he saw. Eventually, the eyewitness provided information that led police to co-defendant and subsequently to defendant, both of whom were identified by the eyewitness in lineups.

Defendant's challenges to the People's summation comments are mostly unpreserved (CPL 470.05 [2]), and, in any event, the comments in issue, whether viewed individually or collectively, do not present reversible error. Finally, the trial court did not err in restricting cross-examination of a detective and an eyewitness on a collateral issue *(People v Johnson,* 61 NY2d 932, 933; *compare, People v Hudy,* 73 NY2d 40). Concur—Milonas, J. P., Rosenberger, Ellerin and Asch, JJ.