■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HULBERT, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered March 22, 1990, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), and sexual abuse in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at the trial in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The victim testified that the defendant inserted first his penis and then his finger into her vagina, repeated those acts in her anus and then compelled her to perform oral sex. The entire encounter lasted eight minutes. During most of that time the victim was face-to-face with her assailant, whom she identified as the defendant. The resolution of questions relating to the credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's argument, the trial court did

not improvidently limit the defense counsel's cross-examination of certain witnesses. It is well settled that the nature and extent of cross-examination are matters subject to the sound discretion of the trial court *(see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Thomches,* 172 AD2d 786). Since many of the areas on which the defense counsel wished to cross-examine the witnesses were, for the most part, only collateral to the trial and of limited relevance, it cannot be said that the court improvidently exercised its discretion in precluding extensive questioning with regard to those matters *(see, People v Boyajian,* 148 AD2d 740).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Lawrence and Santucci, JJ., concur.