■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YAHYA AS-SAKAF, Appellant. [616 NYS2d 994] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered February 22, 1990, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently limit the defense counsel's cross-examination of a prosecution witness. It is well settled that the nature and extent of cross-examination are matters subject to the sound discretion of the trial court *(see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846). The areas on which the defense counsel wished to cross-examine the witness were only collateral to the trial and of limited relevance *(see, People v Johnson,* 61 NY2d 932, 933-934; *People v Hulbert,* 183 AD2d 849; *People v Quinones,* 182 AD2d 581).

The propriety of the court's ruling in precluding the defense from introducing evidence of the victims' criminal records or reputation for violence in the community is not preserved for appellate review, since the defendant's theory on appeal for its admission that the People had "opened the door" *(People v Melendez,* 55 NY2d 445, 451), was not advanced at trial *(see, People v Johnson,* 61 NY2d 932, 934, *supra).*

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.