■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER FICARO, Appellant. [650 NYS2d 757] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered May 25, 1995, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried on homicide and weapons charges arising out of the shooting of his girlfriend, Maria Perez, on September 8, 1994. The People's evidence at trial, that the victim had been fatally shot in the head in the defendant's van and then left, unconscious but alive, at the side of a road in Yonkers, was voluminous and largely undisputed. The defen-

dant presented evidence to support his theory that the shooting had been provoked, justified, and/or accidental. The defendant was acquitted of murder in the second degree and manslaughter in the first degree but was convicted of manslaughter in the second degree and criminal possession of a weapon in the second and third degrees. We affirm.

The defendant contends that the court erred in charging manslaughter in the second degree as a lesser-included offense but in refusing to charge criminally negligent homicide. Although the People relied primarily at trial on the theory that the shooting had been intentional, this theory did not preclude a charge to the jury on the lesser-included offense of manslaughter in the second degree, which was based upon reckless conduct. The determination of whether to charge a jury with a lesser-included offense depends not upon the primary theory advanced by the prosecution at trial, but rather upon whether a reasonable view of the evidence, as seen in the light most favorable to the defendant, would support a jury finding that the defendant is guilty of the lesser offense *(see, People v Randolph,* 81 NY2d 868, 869; *People v Green,* 56 NY2d 427, 434). Here, there was ample evidence that the defendant had behaved recklessly in pointing a loaded gun at the victim in the confines of his van. By contrast, however, a reasonable view of the evidence would not have supported a charge of criminally negligent homicide. Criminal negligence, which is based upon a failure of the defendant to perceive a risk of harm to the victim, is not sustainable where, as here, the defendant himself admitted that he was afraid for his life when the victim pointed the gun at him.

Nor was the defendant entitled to an instruction that he had no duty to render assistance to the victim after the shooting. Evidence of the failure to seek medical attention for a shooting victim was relevant to the People's claim that the defendant had acted with depraved indifference to human life, an element of second-degree murder under Penal Law § 125.25 (2) *(see, People v Rammelkamp,* 167 AD2d 560, 561; *People v Kanelos,* 107 AD2d 764, 765).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.