THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCI STEIN, Appellant. [781 NYS2d 654]—

Appeals by the defendant (1) from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 30, 2001, convicting her of rape in the third degree, sodomy in the third degree (five counts), sexual abuse in the third degree (two counts), endangering the welfare of a child, and unlawfully dealing with a child in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court dated July 29, 2003, which, after a hearing, denied her motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are reversed, on the law and the facts, the motion is granted, the judgment is vacated, and a new trial is ordered.

Contrary to the findings of the hearing court, the defendant was denied a fair trial by the People's failure to disclose that

two of the complainants had filed notices of claim with the defendant's employer, a school district, attempting to hold it responsible for the defendant's alleged criminal conduct (*see Giglio v United States,* 405 US 150 [1972]; *Brady v Maryland,* 373 US 83 [1963]). The hearing court ignored the testimony of the attorney for those two complainants that the attorney had told prosecutors about the notices of claim before the defendant's trial, and a letter from the school district faxed to the District Attorney's office almost three months before the trial commenced which acknowledged that two of the complainants had "civil claims against" the school district. "Negligent, as well as deliberate, nondisclosure may deny due process. Good faith, therefore, may not excuse even a negligent failure to disclose unrequested exculpatory evidence where that evidence is highly material to the defense" (*People v Simmons,* 36 NY2d 126, 132 [1975]).

Evidence that two of the complainants were seeking damages based on the defendant's conduct which only they had witnessed was highly relevant to the issue of their credibility (*see Giglio v United States, supra* at 154; *People v Novoa,* 70 NY2d 490, 496 [1987]; *People v Wallert,* 98 AD2d 47 [1983]). The failure to turn over this evidence was aggravated by the prosecutor's argument during summation that there was no evidence that the complainants were bringing civil lawsuits as a result of the defendant's conduct (*see People v Wallert, supra*). There is a reasonable probability that this failure to disclose affected the outcome of the trial (*see People v Bryce,* 88 NY2d 124, 128 [1996]; *People v Baxley,* 84 NY2d 208, 214 [1994]).

We reject the People's contention that the defendant should have known that the complainants had filed the notices of claim (*see People v Doshi,* 93 NY2d 499, 506 [1999]). Although the complainants were represented by an attorney during the defendant's trial, this attorney took steps to keep his clients' plans a secret, including having the notices of claim he filed against the school district kept confidential.

Furthermore, we agree with the defendant that the trial court improperly restricted the cross-examination of one of the complainants concerning a false police report that complainant allegedly had filed against his father. Since the issue of that complainant's credibility vis-à-vis that of the defendant was paramount, it was prejudicial error to have precluded this line of questioning on cross-examination (*see People v Mills,* 146 AD2d 810 [1989]; *People v Scoon,* 130 AD2d 597 [1987]).

The defendant's remaining contentions either are unpreserved

for appellate review or without merit. Altman, J.P., S. Miller, Luciano and Crane, JJ., concur.