■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD B. NICHOLSON, Appellant. [817 NYS2d 638]—Appeals by the defendant from two judgments of the County Court, Orange County (Pano Z. Patsalos, J.), both rendered June 16, 1998, convicting him of criminal possession of a controlled substance in the fourth degree under indictment No. 98-00124, and criminal possession of a controlled substance in the fourth degree under Superior Court information No. 98-00249, upon his pleas of guilty, and imposing sentences.

Ordered that the appeals from so much of the judgments as imposed sentences are dismissed as academic; and it is further,

Ordered that the judgments are affirmed insofar as reviewed.

The defendant's challenge to the voluntariness of his pleas is unpreserved for appellate review because he never sought to withdraw his pleas in County Court or moved to vacate his convictions post judgment (*see People v Claudio,* 64 NY2d 858 [1985]; *People v Aloisi,* 177 AD2d 491 [1991]). Also, the defendant's general waiver of his right to appeal was voluntarily and intelligently made. Since the defendant's claim of ineffective assistance of counsel deals solely with his attorney's alleged failure to argue that he did not breach his plea agreement and was entitled to the agreed-upon sentence, the defendant effectively waived review of this issue (*see People v Demosthene,* 2 AD3d 874 [2003]).

The defendant's contentions that the County Court improperly imposed enhanced sentences and that the sentences imposed were excessive are academic because the defendant has served his sentences and has been released from custody (*see People v Moore,* 247 AD2d 228, 229 [1998]; *People v Anderson,* 168 AD2d 624, 625 [1990]; *People v Lockett,* 122 AD2d 892 [1986]). Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.