In the Matter of COURTLAND H., a Person Alleged to be a Juvenile Delinquent, Appellant. [996 NYS2d 192]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Courtland H. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated September 4, 2013, which, upon a fact-finding order of the same court dated June 27, 2013, made upon his admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of petit larceny, adjudged him to be a juvenile delinquent, and placed him on probation for a period of 12 months. The appeal from the order of disposition brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's motion which was to suppress identification testimony.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant on probation for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Jonathan E.*, 119 AD3d 943 [2014]). However, since there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition as adjudged the appellant to be a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Jonathan E.*, 119 AD3d 943 [2014]).

Contrary to the appellant's contention, the Family Court did not improvidently exercise its discretion in restricting the scope of his counsel's cross-examination of a police witness at the suppression hearing, as the challenged line of questioning was of limited relevance (*see People v As-Sakaf*, 207 AD2d 899 [1994]; *People v Hulbert*, 183 AD2d 849 [1992]). Further, the Family Court's denial of the appellant's counsel's application to give a summation at the conclusion of the suppression hearing was not error (*compare* Family Ct Act § 342.1 [5] *with* Family Ct Act § 330.2).

Under the circumstances, the appellant was properly adjudicated a juvenile delinquent (*see Matter of Isaiah C.*, 118 AD3d 780, 780 [2014]).

Accordingly, we affirm the order of disposition insofar as reviewed. Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.