The People of the State of New York, Respondent,
against
David C. Lettieri, Appellant.




Suffolk County Legal Aid Society (Alfred J. Cicale, Esq.), for appellant.
District Attorney Suffolk County (Michael Brennan, Esq.), for respondent.

Appeal by defendant, as limited by his brief, from sentences of the District Court of Suffolk County, First District (Toni A. Bean, J.), imposed June 25, 2015, upon his convictions of two charges of disorderly conduct, upon his pleas of guilty.




ORDERED that the sentences are affirmed.
On June 25, 2015, defendant having successfully completed a period of interim probation upon his negotiated pleas to two misdemeanors, the guilty pleas were vacated and defendant pleaded guilty to two charges of disorderly conduct (Penal Law § 240.20 [7]) in satisfaction of those misdemeanor charges and of several other pending charges, which arose from multiple prior incidents. Defendant was sentenced to a conditional discharge on each conviction and mandatory surcharges were imposed. Defendant contends that the conditions imposed are onerous and unnecessary and should be discontinued, and that the mandatory surcharges should be waived.
As defendant has served his sentences, his complaint, in effect, that the terms of his sentences of a conditional discharge are unduly harsh or excessive has been rendered academic (see People v Nicholson, 31 AD3d 468, 469 [2006]; People v Marrow, 52 Misc 3d 136[A], 2016 [*2]NY Slip Op 51046[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Pompi, 31 Misc 3d 145[A], 2011 NY Slip Op 50936[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Defendant's claim that the mandatory surcharge should be waived is not preserved for appellate review (see People v Kamal, 144 AD3d 1055 [2016]; People v Norelius, 140 AD3d 799 [2016]), and, in any event, the claim is without merit because judicial waiver of the surcharge is prohibited (see CPL 420.35 [2] ["Under no circumstances shall the mandatory surcharge . . . be waived" (with exceptions not applicable here)]; see also People v Jones, 26 NY3d 730, 735 [2016] ["the Legislature could not be clearer in communicating its intent to restrain the judiciary from discharging a person's obligation to pay the (surcharge)"]; People v Singleton, 138 AD3d 571, 572 [2016] ["The sentencing court . . . had no discretion to waive or defer defendant's mandatory surcharge"]).
Accordingly, the sentences are affirmed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: May 23, 2017