Matter of Akcay v Ayar (2020 NY Slip Op 03221)





Matter of Akcay v Ayar


2020 NY Slip Op 03221


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-08480
2019-08484
 (Docket No. O-3005-18)

[*1]In the Matter of Arzu Akcay, respondent-appellant,
v
Nevzat Ayar, appellant-respondent.


Paul W. Matthews, New York, NY, for appellant-respondent.
Elliot Green, Brooklyn, NY, for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Nevzat Ayar appeals, and Arzu Akcay cross-appeals, from (1) an order of fact-finding and disposition of the Family Court, Kings County (Susan Quirk, J.), dated June 24, 2019, and (2) an order of protection of the same court, also dated June 24, 2019. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that Nevzat Ayar committed the family offense of harassment in the second degree against Arzu Akcay and directed Nevzat Ayar to comply with the terms of the order of protection for a period of one year. The order of fact-finding and disposition, insofar as cross-appealed from, directed Nevzat Ayar to comply with the terms of the order of protection for a period of only one year. The order of protection, insofar as appealed from, directed Nevzat Ayar to stay away from and refrain from communicating with Arzu Akcay until and including June 24, 2020. The order of protection, insofar as cross-appealed from, directed Nevzat Ayar to stay away from and refrain from communicating with Arzu Akcay only until and including June 24, 2020.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
Arzu Akcay commenced this family offense proceeding pursuant to Family Court Act article 8 against Nevzat Ayar, with whom Akcay had been in a romantic relationship for several years. After fact-finding and dispositional hearings, the Family Court issued an order of fact-finding and disposition, inter alia, finding that Ayar committed the family offense of harassment in the second degree. The court issued an order of protection directing Ayar to stay away from and refrain from communicating with Akcay for a period of one year, until and including June 24, 2020. Ayar appeals, and Akcay cross-appeals.
Contrary to Ayar's contention, the Family Court did not improvidently exercise its discretion in restricting the scope of his counsel's cross-examination, as the challenged lines of questioning were not relevant (see Matter of Courtland H., 122 AD3d 736, 737; Matter of Samora v Coutsoukis, 292 AD2d 390, 391; see also People v Franciso, 44 AD3d 870). Furthermore, the court providently exercised its discretion in denying Ayar's request for an adjournment, because the [*2]need for that adjournment was the result of his failure to exercise due diligence (see Matter of Ciccone v Ciccone, 73 AD3d 1052).
Contrary to Ayar's further contention, Akcay established by a preponderance of the evidence that Ayar committed acts constituting the family offense of harassment in the second degree (see Family Ct Act §§ 812, 832; Penal Law § 240.26[3]; Matter of Zhou Hong Zheng v Hsin Cheng, 144 AD3d 1166).
Contrary to Akcay's contention, the Family Court providently exercised its discretion in issuing an order of protection for a period of one year, rather than two years (see Family Ct Act §§ 841[d]; 842).
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court