People v Pascarella (2023 NY Slip Op 50289(U))

[*1]

People v Pascarella (Brendan)

2023 NY Slip Op 50289(U)

Decided on March 9, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JAMES P. McCORMACK, JJ

2021-37 RO CR

The People of the State of New York, Respondent,
against
Brendan Pascarella, Appellant. 

Rockland County Public Defender, (Lois Cappelletti of counsel), for appellant.

Rockland County District Attorney (Carrie A. Ciganek of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Orangetown, Rockland County (Patrick Loftus, J.), rendered January 11, 2021. The judgments, insofar as appealed from as limited by the brief, upon convicting defendant, upon his pleas of guilty, of two charges of criminal possession of a controlled substance in the seventh degree, imposed sentences.

ORDERED that the appeal is dismissed.
In October 2019, defendant entered into the Rockland County Misdemeanor Drug Court Program and pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) for an incident occurring in October 2018 (docket No. 19100305), and criminal possession of a controlled substance in the seventh degree for an incident occurring in July 2019 (docket No. 19100399). Defendant was promised adjournments in contemplation of dismissal upon his "successful completion" of the program, and was informed that he could be sentenced to up to a year in jail for each conviction if he did not complete the program. Defendant failed to successfully complete the program and, on January 11, 2021, was sentenced to a one-year jail term on docket No. 19100305, and a six-month jail term on docket No. 19100399, to run consecutively. 
Defendant's contention that his sentences were harsh and excessive, and should be modified in the interest of justice, has been rendered moot since he has served his sentences (see People v McLaine, 64 NY2d 934 [1985]; People v Nicholson, 31 AD3d 468, 469 [2006]; People v Swett, 67 Misc 3d 130[A], 2020 NY Slip Op 50429[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Coleman, 62 Misc 3d 127[A], 2018 NY Slip Op 51857[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Brucelis, 59 Misc 3d 132[A], 2018 NY Slip Op 50471[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). 
Accordingly, the appeal is dismissed.
GARGUILO, P.J., DRISCOLL and McCORMACK, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 9, 2023