■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MORDINO, Appellant. — Judgment unanimously affirmed. Memorandum: On ap-

peal, defendant argues, *inter alia,* that his conviction for felony murder should be reversed because of prosecutorial misconduct and the allegedly erroneous admission of certain identification testimony. Addressing first some of the instances cited of alleged prosecutorial misconduct, we note that defense counsel did not object to many of the allegedly improper questions and that, where he did object, the court frequently sustained the objections and gave proper curative instructions. Similarly, defense counsel objected to only 7 of the 17 portions of the prosecutorial summation cited on appeal as prejudicial and, with respect to those seven, the court gave curative instructions. There was no motion for mistrial and no exception to the summation at its conclusion. There is no merit to defendant's argument that the prosecution should have granted immunity to a certain defense witness (see, generally, *People v Adams,* 53 NY2d 241). The witness here was not "an agent of the law enforcement authorities or otherwise in any way a part of the prosecutorial apparatus" *(People v Arroyo,* 46 NY2d 928, 930, citing *People v Sapia,* 41 NY2d 160). Moreover, defense counsel made no formal application for immunity (cf. *People v Shapiro,* 50 NY2d 747; *People v Arroyo, supra)* and the court here, unlike the court in *Shapiro,* did not urge the prosecution to grant immunity; on the contrary, it appears from the court's comments that it might not have granted immunity even if the prosecution had requested it. In sum, there is no showing of such egregiously improper conduct on the part of the prosecution as would warrant a reversal (see *People v Alicea,* 37 NY2d 601; *People v Johnson,* 62 AD2d 555, 569-571, affd 47 NY2d 785, cert den 444 US 857). We also reject defendant's claim that the court's denial of his motions to suppress the identification testimony of witnesses Berdon and Lo Piccolo was reversible error. Defendant does not claim that the two lineups in which Berdon positively identified him were suggestive and we find that the court's admission of the testimony relating thereto and of her in-court identification testimony was proper. The circumstances surrounding Lo Piccolo's out-of-court identification were suggestive and thus, despite her adamant denial that these circumstances influenced her, testimony concerning that identification should have been suppressed (see *People v Adams, supra)*. There was, however, an "independent basis" for her identification of the defendant in court *(People v Adams, supra,* p 252). The witness had ample opportunity to observe the defendant — she stated that she and Berdon spent approximately 45 minutes with him in daylight in a car planning the crime. Lo Piccolo also stated that when she entered the victim's home she observed defendant and another subduing him. Thereafter, defendant slapped her and told her to look for money. She further testified that she saw and recognized defendant on the street on four subsequent occasions. We conclude that Lo Piccolo's in-court identification is admissible. Here, where there was in-court identification testimony by Berdon, Lo Piccolo, and two witnesses to whom defendant had admitted participation in the crime, as well as testimony with respect to Berdon's out-of-court identification, the error in admitting Lo Piccolo's out-of-court identification must be deemed harmless (see *People v Adams, supra; People v Crimmins,* 36 NY2d 230; *People v Gonzalez,* 27 NY2d 53, 57). We find that there was sufficient corroboration of the accomplices' testimony and that guilt was established beyond a reasonable doubt. (Appeal from judgment of Erie Supreme Court, Armer, J. — murder.) Present — Simons, J.P., Hancock, Jr., Doerr and Moule, JJ.