■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANNIE BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered February 22, 1983, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Over the objection of defense counsel, the trial court admitted into evidence a piece of rug upon which defendant had allegedly ejaculated during the course of the rape. In seeking to admit the piece of rug into evidence, the prosecutor failed to establish that it was actually the one involved in the crime, and that it had not been tampered with from the date of the crime until its recovery five days later from complainant's home. Accordingly, there was an insufficient foundation for the admission of the evidence (see, People v Julian, 41 NY2d 340, 342-343).

However, even though the trial court erred in admitting the piece of rug into evidence, it was harmless error. An error which is not of constitutional dimension is harmless unless, despite the overwhelming evidence against defendant, "there is a significant probability, rather than only a rational possibility, in the particular case that the jury would have acquitted the defendant had it not been for the error or errors which occurred" (People v Crimmins, 36 NY2d 230, 242).

In the case at bar, both complainant and her brother consistently testified as to the details of defendant's rape of the complainant. Their testimony as to the nonconsensual nature of the act was supported by the testimony of complainant's mother and Police Officer Dory, both of whom observed complainant after the rape, and described her as crying and shaking. Officer Dory's testimony also included his description of the wet stain on the rug and the pieces of tissue paper next to it, providing further substantiation of complainant's testimony.

Moreover, although the medical evidence of complainant's freshly torn hymen does not conclusively establish that forcible sexual intercourse occurred, it is supportive of the complainant's testimony that she was raped.

In light of this overwhelming evidence, it is highly unlikely that the jury would have acquitted defendant if the piece of rug had not been admitted. Even without the admission of the

piece of rug, there remains the independent testimony of Officer Dory that he observed "a white sticky substance on the rug, still wet" on the night of the rape. Given this testimony, along with all of the other evidence, it is improbable that the admission of the piece of rug made the difference between acquittal and conviction of defendant. Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.