THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RIVIEZZO, Appellant

The defendant contends that his plea of guilty should be vacated as he was not advised, at the time of the plea allocution, of his rights to remain silent and to confront witnesses. Having failed either to move to withdraw his plea on this ground prior to the imposition of sentence *(see,* CPL 220.60 [3]) or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the issue of the sufficiency of the plea allocution *(see,* CPL 470.05 [2]; *People v Claudio,* 64 NY2d 858; *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944). In any event, were we to review this issue in the interest of justice, vacatur would not be required as the allocution satisfied the requirements of *People v Harris* (61 NY2d 9; *see, People v Velasquez,* 107 AD2d 726).

The hearing court did not err in allowing the police officer to characterize the area as a drug-prone location. Such testimony was not hearsay as it was based upon the officer's personal knowledge and experience. Moreover, the testimony was particularly relevant with respect to the issue of whether there was probable cause to justify the defendant's arrest *(see, People v McRay,* 51 NY2d 594; *People v Bittner,* 97 AD2d 33), and at a suppression hearing, hearsay testimony is admissible to establish a material fact *(see,* CPL 710.60 [4]). Nor can it be said that the hearing court unduly interposed itself into the proceeding and thereby prejudiced the defendant.

Finally, as the defendant received the sentence for which he had bargained, and which was the minimum allowable, he should not now be heard to complain that it is unduly harsh or excessive *(see, People v Kazepis,* 101 AD2d 816). Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.