■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK JOHNSON, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered January 12, 1984, convicting him of murder in the second degree (two counts), attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated January 11, 1985, which, after a hearing, denied the defendant's motion to vacate the judgment and for a new trial on the ground of newly discovered evidence.

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the People, we find that it was sufficient as a matter of law to support the defendant's conviction of the crimes charged (see, People v Contes, 60 NY2d 620).

The jury was in the best position to assess the credibility of the witnesses at trial and its resolution on this issue will generally not be disturbed absent the showing that it was unreasonable or based upon insufficient evidence (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; see, People v Gruttola, 43 NY2d 116). Upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In addition, the trial court properly determined that the defendant's motion to vacate the judgment on the ground of newly discovered evidence was not meritorious. This newly discovered evidence consisted of a posttrial affidavit by Leo

Anderson in which he recanted his identification of the defendant.

Six requirements must be met before the court may grant such a motion, namely, (1) the evidence must be such as will probably change the result if a new trial is granted, (2) the evidence must have been discovered since the trial, (3) it must be such as could have not been discovered before the trial by the exercise of due diligence, (4) it must be material to the issue at trial, (5) it must not be cumulative to the former issue, and (6) it must not be merely impeaching or contradicting the former evidence *(People v Salemi,* 309 NY 208, *cert denied* 350 US 950).

We agree with the trial court which determined that the second, third and sixth requirements had not been met. Leo Anderson had previously recanted his identification of the defendant in prison and this fact had been elicited at the pretrial *Wade* hearing. Therefore, this fact was elicited prior to trial. Furthermore, the recanting testimony merely contradicted Anderson's testimony at the trial that the defendant had been one of the perpetrators of the crime.

We note that the trial court held a hearing and had the advantage of seeing and hearing the witness testify in contradiction to Leo Anderson's trial testimony. Therefore, its determination that the recantation was unreliable should not be overturned absent some reason therefor *(see, e.g., People v Prochilo,* 41 NY2d 759). Since the record of the hearing indicated that the witness had probably recanted in order to avoid a confrontation with the defendant in prison (despite his statement to the contrary), and since his reasons for having lied previously were extremely weak and incredible, the trial court's determination should not be disturbed.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.