■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY P. O'TOOLE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered January 18, 1984, convicting him of murder in

the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The record reveals that the defendant was charged with one count of intentional murder and one count of depraved mind murder arising out of a single homicide. Prior to the trial court's charge to the jury, the defendant expressly requested that the two second degree murder counts be submitted in the alternative. The court denied this request, and the jury returned a verdict finding the defendant guilty of both intentional and depraved mind murder. The defendant contends that the court's refusal to charge the counts in the alternative and the resulting double conviction mandate reversal and a new trial. We agree.

In the recent case of *People v Gallagher* (69 NY2d 525, 529-530), under factual circumstances virtually identical to those at bar, the Court of Appeals made the following salient observations:

"[T]he two second degree murder counts in the present indictment—intentional murder and depraved mind murder—are inconsistent counts as defined in CPL 300.30 (5), because guilt of one necessarily negates guilt of the other. A finding that defendant committed intentional murder by killing his victim with the conscious objective of causing his death precludes the inconsistent finding that defendant at the same time committed depraved mind murder by recklessly and thus unintentionally killing the same victim under circumstances evincing a depraved indifference to human life. By no rational theory could the jury have found defendant guilty of both crimes.

"CPL 300.40 (5) provides that '[i]f an indictment contains two inconsistent counts, the court must submit at least one thereof' and that if 'a verdict of guilty upon either would be supported by legally sufficient trial evidence, the court may submit both counts in the alternative and authorize the jury to convict upon one or the other depending upon its findings of fact. In such case, the court must direct the jury that if it renders a verdict of guilty upon one such count it must render a verdict of not guilty upon the other.' Thus, if the court elects to charge the two inconsistent counts, it must do so in the alternative; it may not permit the jury to find the defendant guilty of both. Here the Trial Judge properly charged

both counts but improperly refused to submit them in the alternative. This error permitted the jury to sidestep its responsibility of deciding which (if either) mental state defendant possessed at the time of the shooting. Because the jury found defendant guilty of both intentional and reckless homicide, it is impossible to determine what if anything the jury decided on the issue of defendant's mental state at the time of the offense. A new trial is therefore required".

In view of the foregoing, a new trial is necessary, as the instant defendant's conviction of both intentional murder and depraved mind murder arising out of a single homicide is internally inconsistent and cannot stand.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.