■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered September 11, 1985, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's position, the trial court did not err in refusing to charge the jury on the affirmative defense of extreme emotional disturbance *(see,* Penal Law § 125.25 [1] [a]). No reasonable view of the evidence adduced at the trial would establish that at the time of his mother's killing, the defendant was acting under the influence of extreme emotional disturbance and that a reasonable explanation or excuse existed for that disturbance *(see, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842; *People v Picozzi,* 106 AD2d 413; *cf., People v Tabarez,* 113 AD2d 461, *affd* 69 NY2d 663).

Additionally, in view of the defendant's failure to raise an objection to that portion of the trial court's charge which submitted the two counts of intentional murder and depraved

mind murder in the conjunctive, rather than the alternative *(see, People v Gallagher,* 69 NY2d 525), and his failure to raise the claim of inconsistent verdicts prior to the discharge of the jury, this error has not been preserved for appellate review *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745, *rearg denied* 57 NY2d 674; *People v Claudio,* 135 AD2d 358, 359; *cf., People v Gallagher, supra; People v O'Toole,* 138 AD2d 639). Moreover, given the facts of this case, we decline to reach this issue in the exercise of our interest of justice jurisdiction.

Finally, we reject the defendant's contention that the imposed concurrent sentences of 25 years to life were unduly harsh and excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.