■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD DUKETT, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]) and depraved mind murder (Penal Law § 125.25 [2]). Defendant correctly claims that the court erred in failing to charge the murder counts in the alternative *(People v Gallagher,* 69 NY2d 525) and that the prosecutor exceeded the bounds of proper advocacy by referring to defendant's testimony as unworthy of belief *(People v Ivey,* 83 AD2d 788). Defendant, however, made no request for a jury instruction on each murder count in the alternative, and raised no objection to the prosecutor's comments. These claims were not preserved for appellate review (CPL 470.05 [2]), the prosecutor's

comments were isolated and not so egregious as to deprive defendant of a fair trial *(see, People v Mordino,* 83 AD2d 775), and we decline to exercise our interest of justice jurisdiction *(People v Claudio,* 135 AD2d 358, 359; *People v Mordino, supra).*

The court also erred in admitting photographs taken of, and physical evidence seized, from defendant's apartment four days after the homicide, pursuant to a search warrant. The People failed to demonstrate that such evidence had not been tampered with or materially altered subsequent to the crime *(see, People v Julian,* 41 NY2d 340, 342-344; *People v Brown,* 115 AD2d 610, *lv denied* 67 NY2d 940). This error was harmless, however, as the independent proof of guilt was overwhelming and there is no significant probability that the jury would have acquitted defendant but for these errors *(see, People v Crimmins,* 36 NY2d 230, 242).

We have reviewed defendant's remaining claims and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Green, Balio and Davis, JJ.