■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EDWARD LEE CAREY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was indicted for the crime of murder in the second degree (Penal Law § 125.25 [1]). The first count of the indictment alleged that on December 14, 1984 he intentionally caused the death of John W. Moore. The second count charged defendant with murder in the second degree (Penal Law § 125.25 [2]), alleging that, under circumstances evincing a depraved indifference to human life, he recklessly engaged in conduct which created a grave risk of death to another and thereby caused the death of John W. Moore. He was also charged with two counts of unauthorized use of a motor vehicle in the first degree (Penal Law § 165.08). Following a jury trial, he was found guilty of depraved mind murder on the second count, manslaughter in the first degree as a lesser included offense of intentional murder on the first count, and the two counts of unauthorized use of a motor vehicle.

The trial court erred in failing to submit the two murder counts in the alternative, and the verdict finding the defendant guilty of both depraved mind murder and manslaughter in the first degree by reason of extreme emotional disturbance is inconsistent (see, People v Gallagher, 69 NY2d 525; People v Robinson, 145 AD2d 184). Defendant, however, did not object to the court's submission of both murder counts to the jury. The issue of inconsistent verdicts is not preserved for review unless raised prior to the discharge of the jury, when any infirmity might be remedied by resubmission of its verdict to the jury for reconsideration (People v Satloff, 56 NY2d 745; People v Stahl, 53 NY2d 1048, 1050; People v Dukett, 147 AD2d 938; People v Paxhia, 140 AD2d 962, lv denied 72 NY2d 960). We decline to reach the issue in the interest of justice (see, People v Dukett, supra; People v Claudio, 135 AD2d 358, 359).

We have reviewed defendant's remaining claims and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—murder, second degree, and other charges.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.