■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE KELLAMS, Appellant.—Judgment affirmed. Memorandum: The court erred in admitting, without proper foundation, defendant's bloodstained underwear and scientific testimony relating to the underwear (see, People v Julian, 41 NY2d 340, 342; People v Brown, 115 AD2d 610, lv denied 67 NY2d 940; People v Capella, 111 AD2d 179). Proof that defendant committed rape in the first degree and unlawful imprisonment in the first degree, however, was overwhelming. Because there is no significant probability that, absent the error, the jury

would have acquitted defendant, the error was harmless *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Brown, supra).*

All concur, except Doerr, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Doerr, J. (dissenting). I agree with the conclusions reached by the majority that the trial court improperly admitted into evidence the bloodstained underwear that defendant was wearing at the time of his arrest and further erred by admitting expert testimony that the blood on the underwear was the same type as that of the victim. I do not agree with the majority's further conclusion that those errors were harmless. In my view, the proof of defendant's guilt is not overwhelming and, in such a case, harmless error analysis is inappropriate *(see, People v Crimmins,* 36 NY2d 230, 241).

The only evidence implicating defendant was the identification testimony of the 16-year-old victim. However, her credibility was seriously impeached with evidence that she initially provided the police with a version of events completely different from the one she gave at trial. At trial, the victim testified that defendant, with whom she was familiar from having seen him in her neighborhood, and another man picked her up in a green car and drove to a housing project, where both men raped her in the back seat of the vehicle. The victim's original report to the police was that she had been abducted by three masked men in a red pickup truck and was taken to a garage and raped by all three. Given the dramatically inconsistent accounts of the events provided by the victim, I cannot conclude that the proof of defendant's guilt was overwhelming *(cf., People v Johnson,* 57 NY2d 969, 970-971). Consequently, I would reverse and grant a new trial. (Appeal from judgment of Onondaga County Court, Burke, J.—rape, first degree.) Present—Dillon, P. J., Doerr, Boomer, Davis and Lowery, JJ.