■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC VALDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered September 23, 1983, convicting him of murder in the second degree and manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged in a two-count indictment with murder in the second degree (see, Penal Law § 125.25 [1]), by intentionally causing the death of Audrey Langman, and manslaughter in the second degree (see, Penal Law § 125.15 [1]), by recklessly causing her death.

The defendant contends that the verdict finding him guilty

of both counts is inconsistent *(see, People v Gallagher,* 69 NY2d 525). However, as the defendant did not object to the court's submission of both homicide counts to the jury, the issue is unpreserved for appellate review *(see, People v Satloff,* 56 NY2d 745; *People v Carey,* 151 AD2d 989). We decline to reach the issue in the interest of justice.

The defendant's contention that he was denied a fair trial because of certain comments made by the prosecutor during the trial, is without merit. Many of the comments about which the defendant complains are either unpreserved for appellate review, or were made outside the presence of the jury. With respect to the remaining comments, we find that the Trial Judge's curative remarks served to dispel any prejudice to the defendant so that he was not deprived of a fair trial *(see, People v Galloway,* 54 NY2d 396).

The defendant's remaining contention, that his sentence is harsh and excessive, is without merit *(see, People v Suitte,* 90 AD2d 80). Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.