■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK JOHNSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 12, 1987, convicting him of murder in the second degree (two counts), unauthorized use of a vehicle in the first degree, criminal possession of stolen property in the second degree, and leaving the scene of an accident without reporting as a felony, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly refused to charge the jury that it could consider the defendant's intoxication in determining whether he was guilty of depraved indifference murder *(see, People v Register,* 60 NY2d 270, *cert denied* 466 US 953). Nor was there any error in the court's charge on intent, as it properly instructed the jury that it should consider all the evidence in the case in determining the defendant's mental state.

The majority of the contentions regarding the prosecutor's remarks are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951), and we decline to review them in the exercise of our interest of justice jurisdiction. Those contentions that were properly preserved do not warrant reversal *(see, People v Galloway,* 54 NY2d 396).

Having failed to ask the trial court to instruct the jury that it should consider the intentional murder and depraved indifference murder counts in the alternative rather than the conjunctive *(see, People v Gallagher,* 69 NY2d 525; *People v Thomas,* 152 AD2d 612), and having failed to object to the charge as given on this basis, the defendant has failed to preserve this issue for appellate review *(see,* CPL 470.05 [2]; *People v Carey,* 151 AD2d 989; *People v Smith,* 144 AD2d 505). Under the circumstances of this case, we decline to review the issue in the exercise of our interest of justice jurisdiction *(see, People v Smith, supra).*

We have considered the defendant's remaining contentions, including the claim that his sentence was excessive, and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.