■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GARNER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of attempted aggravated assault on a police officer (Penal Law §§ 20.00, 110.00, 120.11); criminal use of a firearm in the second degree (Penal Law § 265.08 [1]; § 20.00); criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]; § 20.00); two counts of reckless endangerment in the second degree (Penal Law §§ 120.20, 20.00); and resisting arrest (Penal Law § 205.30). Defendant argues that Supreme Court erred in denying his motion to suppress a postarrest statement made by him in response to a police officer's inquiry "if he knew why he had been arrested." We agree. The court, relying on *People v Stoesser* (53 NY2d 648), ruled that although defendant's right to counsel had attached, his statement was not the result of custodial interrogation or its functional equivalent. Reliance on *Stoesser* is misplaced. That case involved a determination whether a statement was spontaneous or whether it was in

response to interrogation. There can be no doubt here that police questioning elicited the statement that defendant sought to suppress. However, we find the error harmless in light of the overwhelming proof of guilt *(see, People v Sanders,* 56 NY2d 51, 66-67, *rearg denied* 57 NY2d 674).

Defendant also argues that criminal use of a firearm in the second degree (Penal Law § 265.08 [1]) is a non-inclusory concurrent offense of attempted assault on a police officer (Penal Law §§ 110.00, 120.11) and that, pursuant to *People v Brown* (67 NY2d 555, 560-561, *cert denied* 479 US 1093), the former conviction should be dismissed. This issue is unpreserved and we decline to reach it in the interest of justice *(see, People v Bones,* 103 AD2d 1012).

We also decline to reach in the interest of justice defendant's unpreserved contention that, pursuant to *People v Gallagher* (69 NY2d 525), his convictions based on reckless and intentional conduct are inconsistent *(see, People v Carey,* 151 AD2d 989, *lv denied* 74 NY2d 806; *People v Dukett,* 147 AD2d 938, *lv denied* 73 NY2d 976).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Attempted Aggravated Assault.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.