■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Potoker, J., at hearing; Kooper, J. at trial and sentence), rendered January 12, 1984, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony. Justice Kunzeman has been substituted for former Justice Brown *(see,* 22 NYCRR 670.1).

Ordered that the judgment is affirmed.

This court previously affirmed the judgment of conviction *(see, People v Johnson,* 133 AD2d 781), but thereafter granted the defendant's *pro se* motion for a writ of error coram nobis based on ineffective assistance of appellate counsel *(see, People v Johnson,* 149 AD2d 534). This is the defendant's second appeal from the judgment, which we again affirm.

The defendant was arrested after being identified in a lineup by the complainant Leo Anderson as one of two gunmen who entered a Brooklyn carpet store and fired shots at Anderson and a second man, killing the second man. We agree with the defendant's contention that the lineup identification should have been suppressed. The People failed to establish at the hearing that the defendant's initial detention, which concerned an unrelated shooting, was based on probable cause. However, we find that the admission of the lineup identification was harmless inasmuch as Anderson also made an in-court identification of the defendant for which he had an independent source. Anderson testified at trial that he knew the defendant from the neighborhood and recognized him when he entered the carpet store.

The defendant further contends that Anderson's testimony was incredible as a matter of law. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The inconsistencies in Anderson's identification testimony were brought to the attention of the jurors, who, as is apparent from their verdict, chose to credit it nonetheless. In this regard we note that the trial record indicates that Anderson's prior testimony that he did not recognize the shooters was occasioned by a reluctance to aid the police and/or a fear of reprisal rather than an inability to identify the perpetrators.

We find unpersuasive the defendant's contention that his trial counsel's failure to present an alibi defense constituted ineffective assistance of counsel *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137). At the defendant's first trial on this indictment, he was represented by different counsel who presented an alibi defense. That trial terminated in a hung jury. At the second trial, the defense strategy was to attack the credibility of the complaining witness. That his strategy ultimately failed does not render counsel's representation ineffective. Moreover, the defendant stated on the record that he agreed with his counsel's decision to forego an alibi defense. It is not the province of this court to "second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield, supra,* at 799-800). We have considered the defendant's remaining claims regarding ineffective assistance of counsel and find them to be without merit.

We agree with the defendant's contention that the verdict finding him guilty of both intentional murder and depraved mind murder of the same victim was inconsistent *(see, People v Gallagher,* 69 NY2d 525). However, inasmuch as the defendant failed to ask the trial court to charge the counts in the

alternative rather than in the conjunctive and failed to object to the charge as given, the issue is unpreserved for appellate review and we decline to reverse the conviction in the exercise of our interest of justice jurisdiction (see, People v Johnston, 166 AD2d 667; People v Carey, 151 AD2d 989; People v Smith, 144 AD2d 505). Kunzeman, J. P., Sullivan and Ritter, JJ., concur.

Lawrence, J., dissents and votes to reverse the judgment, on the law, grant that branch of the defendant's omnibus motion which was to suppress the testimony of Leo Anderson with respect to his out-of-court identification of the defendant, and order a new trial, with the following memorandum decision: I agree with my colleagues that the hearing court should have suppressed Leo Anderson's testimony concerning his out-of-court identification of the defendant at a police precinct lineup on the ground that the People failed to establish that the defendant had been properly arrested and detained at the precinct prior to the lineup. However, I cannot agree with my colleagues that the admission of such testimony was harmless.

*The only evidence connecting the defendant to the crimes in question* was Anderson's testimony that he recognized the defendant as one of the perpetrators involved in the shooting inside the carpet store. This testimony was seriously put into question by his admission that he had only viewed the perpetrators' faces for "about a half a second" before he covered his face and ran out of the store through the rear door. Anderson further admitted that in his prior sworn testimony given at the suppression hearing he had stated that he had "not really recognized" any one of the perpetrators, despite testifying at that time that he had seen them for two or three seconds. In addition, Anderson's direct testimony that prior to the incident, he had known the defendant for "months" from "around the neighborhood" was also seriously put into doubt by his testimony on cross-examination that this knowledge of the defendant was based solely on two viewings of the defendant, one "perhaps for a second", and the other equally as fleeting. On both occasions, Anderson was driving his motor vehicle, and the defendant, who was not doing anything to draw attention to himself, was either standing or talking to another man on the street. In addition, Anderson admitted that in his prior sworn testimony at the suppression hearing, he had stated that at the time of the incident he had not seen the face of anyone that he had previously known. Anderson offered as an explanation for the inconsistencies that he had lied in his prior sworn testimony because at that time he did

not want to help the police or the District Attorney's office. Since a substantial credibility issue was raised by Anderson's trial testimony, and the lineup identification was a very significant part of the People's case, as evidenced by the prosecutor's opening and closing statements, it cannot be said that the testimony concerning the lineup identification of the defendant was harmless beyond a reasonable doubt. Therefore, in my view, a new trial is required.

The defendant's other contentions are either without merit or need not be addressed in light of the foregoing determination.