■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FELDER, Appellant.—Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed and new trial granted on count two of the indictment. Memorandum: Defendant was charged with both intentional and depraved indifference murder in connection with the stabbing death of Sylvester Williams. These counts, and their corresponding lesser included offenses, were submitted to the jury in the alternative. After first apprising the jury of the elements of intentional murder (Penal Law § 125.25 [1]), the court instructed the jury on the defense of justification relative to that count. The court then proceeded to instruct the jury on the law pertaining to the second count of the indictment charging depraved indifference murder (Penal Law § 125.25 [2]). The defense of justification was never discussed with respect to that count. The jury returned a verdict finding defendant not guilty of intentional murder (Penal Law § 125.25 [1]) but guilty, under count two of the indictment, of depraved indifference murder (Penal Law § 125.25 [2]).

The defense of justification (Penal Law § 35.15) is as much of a defense to reckless conduct as it is to intentional conduct,

and thus, justification may be charged as a defense to a crime regardless of the mens rea involved *(see, People v Magliato,* 68 NY2d 24, 29; *People v McManus,* 67 NY2d 541, 547). The evidence in this case amply supported a charge on justification. Indeed, the defendant testified that it was Sylvester Williams who first produced a knife and threatened him. With no other witnesses to the crime, that evidence, when considered in the light most favorable to the accused *(see, People v Watts,* 57 NY2d 299, 301), clearly supported the defense of justification. We note that the court *sua sponte* charged the justification defense on the intentional murder count but not on the depraved indifference murder count. That defendant was acquitted of the intentional murder count yet convicted of the depraved indifference count raises the possibility that the jury found defendant not guilty of intentional murder by reason of justification but guilty of depraved indifference murder despite its finding of justification.

Although defense counsel neither requested a charge on justification nor objected to the charge as given, in light of the possibility of contradictory findings resulting from the court's failure to charge justification on all counts of the indictment, we reverse defendant's conviction under count two of the indictment as a matter of discretion in the interest of justice *(People v Dare,* 175 AD2d 586) and direct a new trial on that count. Defendant does not attempt to use justification as a defense to the third count of the indictment, which charged him with assaulting Ms. Wilford. Since the incident with Ms. Wilford arose after Sylvester Williams had been stabbed, any justification that defendant had did not carry over to permit him to use force against Ms. Wilford. Thus, the assault conviction is affirmed.

Additionally, the court did not err in refusing to dismiss the depraved indifference count. Whether defendant possessed the requisite intent to cause death to obtain a conviction under Penal Law § 125.25 (1) or whether he possessed a "reckless" mens rea, are questions of fact properly left to the trier of fact. Moreover, evidence that defendant, after the stabbing, threw a garbage bag over the body and sat in a chair until Ms. Wilford returned, combined with the medical evidence that the victim did not die instantaneously, entitled the jury to find that he acted with depraved indifference to human life.

Because a new trial is required, we note that Supreme Court erred in receiving the jacket and knife into evidence over objection of defense counsel. The record contains no assurances of the identity and unchanged condition of either

the knife or the jacket (see, People v Julian, 41 NY2d 340, 343-344; People v Dukett, 147 AD2d 938, 939, lv denied 73 NY2d 976; People v Brown, 115 AD2d 610, lv denied 67 NY2d 940).

We find defendant's remaining contention to be without merit. (Appeal from Judgment of Oneida County Court, Murad, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.