■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FABIN RUIZ, Appellant. [616 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered September 5, 1991, convicting him of murder in the second degree (2 counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the trial court's denial of the defendant's severance motion and the ensuing admission of the redacted confessions of the two nontestifying codefendants violated the

defendant's right to confrontation *(see, Bruton v United States,* 391 US 123). The confessions were not sufficiently redacted so that, when coupled with the two eyewitnesses' testimony, those confessions inferentially incriminated the nonconfessing defendant *(see, People v Khan,* 200 AD2d 129; *see also, People v Wheeler,* 62 NY2d 867; *People v Hussain,* 165 AD2d 538). However, even without the codefendants' statements, there is overwhelming evidence of the defendant's guilt. Thus, the admission of the codefendants' statements was harmless since "there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction" *(People v Hamlin,* 71 NY2d 750).

The defendant's contention that the trial court should have submitted both murder counts to the jury in the conjunctive, rather than in the alternative, is unpreserved for appellate review. The defendant did not object to that part of the charge, and he failed to raise his claim of inconsistent verdicts prior to the discharge of the jury *(People v Johnson,* 176 AD2d 818, *revd on other grounds* 80 NY2d 798; *People v Thomches,* 172 AD2d 786; *People v Carey,* 151 AD2d 989; *People v Smith,* 144 AD2d 505; *People v Paxhia,* 140 AD2d 962). Furthermore, given the facts of this case, we decline to reach this issue in the exercise of our interest of justice jurisdiction.

The defendant's contention that his right to be present during every material stage of the trial was violated when the court considered defense counsel's motion for a mistrial in the defendant's absence is without merit *(see, People v Ferguson,* 67 NY2d 383; *People ex rel. Lupo v Fay,* 13 NY2d 253, *cert denied* 376 US 958).

Finally, the sentence that was imposed is not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.