■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL JONES, Appellant. [654 NYS2d 495] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that Supreme Court erred in denying his motion to sever those counts in the indictment charging him with three separate sexual assaults. The offenses were joinable because the identity of defendant was at issue and his modus operandi was "sufficiently unique to make proof of his commission of one [assault] probative of his commission of the other[s]" (*People v Nix*, 192 AD2d 1116, *reconsideration granted* 195 AD2d 1087, *lv denied* 82 NY2d 757; *see*, CPL 200.20 [2] [b]; *People v Bongarzone*, 69 NY2d 892, 895; *People v Coble*, 168 AD2d 981, *lv denied* 78 NY2d 954). Further, the offenses charged in the indictment are "the same or similar in law" (CPL 200.20 [2] [c]; *see, People v Berta*, 213 AD2d 659, *lv denied* 85 NY2d 969). In order to be entitled to severance pursuant to CPL 200.20 (2) (c), defendant was obliged to "persuade the court that the severance should be granted 'in the interest of justice and for good cause shown' " (*People v Lane*, 56 NY2d 1, 7, quoting CPL 200.20 [3]). Defendant failed to establish that there was "[s]ubstantially more proof on one or more [of the] joinable offenses than on others and there [was] a substantial likelihood that the jury would be unable to consider separately the proof as it relate[d] to each offense" (CPL 200.20 [3] [a]). The proof with respect to each assault was straightforward and easily divisible (*see, People v Bruce*, 216 AD2d 913, 914, *lv denied* 86 NY2d 872; *see also, People v Johnson*, 155 AD2d 924, *lv denied* 75 NY2d 920), as demonstrated by the acquittal of defendant of the charges against one of the victims.

Defendant failed to preserve for our review his contention that the court erred in permitting the mother of one of the victims and a police officer to testify to the identification of defendant by the victim when defendant was arrested. Also unpreserved is his contention that his van was improperly impounded and that the items seized therefrom should not have been admitted (*see*, CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The failure of the People to provide defendant with the 1991 test result of a swab taken during the physical examination of a victim and a laboratory report of a 1992 test of the swab does not require reversal. Although the 1991 test result was exculpatory and defendant was entitled to that information (*see, Brady v Maryland*, 373 US 83), the record establishes that defendant was aware of and made use of that information at trial; he

therefore suffered no prejudice (*see, People v Robinson*, 181 AD2d 983, 984, *lv denied* 80 NY2d 837; *People v Smith*, 162 AD2d 734, 735, *lv denied* 77 NY2d 882). The record does not indicate that defendant requested the opportunity to perform an independent test of the swab; thus, there is no merit to his contention that he was prevented from performing an independent test because the swab was consumed in the 1992 test (*see, People v Allgood*, 70 NY2d 812). When the existence of the laboratory report of the 1992 test was revealed at trial, defense counsel objected on the ground that he had not been provided with a copy. The prosecutor responded that a copy of the report had been sent to defense counsel as soon as the test results became available, and defense counsel raised no further objection. Further, defendant was provided with a copy of the report early in the trial and thus was able to use it for purposes of cross-examination (*see, People v Ranghelle*, 69 NY2d 56, 59; *People v White*, 211 AD2d 982, 985, *lv denied* 85 NY2d 944).

The issue concerning materials obtained by defendant through a Freedom of Information Law request is not properly before us because those materials are outside the trial record (*see, People v McKethan*, 225 AD2d 800, *lv denied* 88 NY2d 938). We note, however, that defendant's brief and an affidavit in defendant's supplemental record reflect that defendant has moved pursuant to CPL 440.10 for reversal based on those materials (*see generally, People v Willard*, 226 AD2d 1014, *lv dismissed* 88 NY2d 943).

The court erred in admitting the testimony of two police officers that, after defendant was arrested, defendant told them that he previously had a problem with his stepchildren for which he had obtained counseling. That testimony was not material or relevant to any issue at trial and tended merely to establish defendant's predisposition to commit the crimes at issue (*see, People v Hudy*, 73 NY2d 40, 54; *People v Pinkas*, 156 AD2d 485, 487, *lv denied* 75 NY2d 816). The court also erred in admitting DNA and semen evidence obtained from the panties and genital area of one of the victims because the People failed to establish an unbroken chain of custody with respect to that evidence (*see, People v Felder*, 178 AD2d 936, 937-938, *lv denied* 79 NY2d 947, 80 NY2d 895). We conclude, however, that the proof of guilt of his assaults on both victims is overwhelming and there is no significant probability that defendant would have been acquitted were it not for those errors (*see, People v Johnson*, 57 NY2d 969; *People v Crimmins*, 36 NY2d 230, 241-242; *People v Singleton*, 222 AD2d 719, 720, *lv denied* 88 NY2d 885; *People v Padilla*, 219 AD2d 688, 689, *lv denied* 87 NY2d 905; *People v Anthony*, 179 AD2d 765, *lv denied* 79 NY2d 943).

We have considered the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Attempted Rape, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.