■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELADIO SILVERIO, Appellant. [675 NYS2d 74] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered April 27, 1995, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal use of a firearm in the first degree, assault in the first degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 8⅓ to 25 years on the attempted murder conviction, 12½ to 25 years on the criminal use of a firearm in the first degree conviction, 5 to 15 years on the assault and criminal use of a firearm in the second degree convictions and to a consecutive term of 3½ to 7 years on the criminal possession of a weapon in the third degree conviction, unanimously modified, on the law, to reduce the sentence on the criminal possession of a weapon in the third degree conviction to 2⅓ to 7 years, and otherwise affirmed.

The trial court properly refused defendant's request for an intoxication charge in light of the very limited evidence of defendant's alcohol consumption, consisting merely of the arresting officers' testimony that upon his arrest, defendant's breath smelled of alcohol and his eyes were red and glassy, contrasted with defendant's previous threat to kill the victim, his actions in targeting the victim, hiding his weapon until he shot her, and hiding his baseball cap before he fled, and his coherent statement to the police explaining his motives (*People v Gaines*, 83 NY2d 925; *People v Rodriguez*, 76 NY2d 918).

Since defendant failed to raise at sentencing his current contention that the count of criminal use of a firearm in the second degree should be dismissed as a non-inclusory concurrent count of assault in the first degree, the issue has not been preserved for this Court's review (*People v Garner*, 174 AD2d 1028, *lv denied* 78 NY2d 966) and we decline to review it in the interest of justice. Were we to review this claim, we would find that the counts lacked sufficient overlap to warrant this relief.

The court properly directed that defendant's sentence upon his conviction of criminal possession of a weapon in the third degree be served consecutively to the sentences imposed on the remaining convictions since defendant, having committed acts up to a particular point that constituted one crime, continued thereafter to commit the act that constituted the other crime (*People v Hernandez*, 186 AD2d 471, 474, *affd* 82 NY2d 309).

As the People concede, the court erred in sentencing defendant on the criminal possession of a weapon in the third degree conviction to a term of 3½ to 7 years and accordingly, we modify the sentence to a term of 2⅓ to 7 years. Concur— Rosenberger, J. P., Ellerin, Nardelli, Wallach and Saxe, JJ.