■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HAMPTON, Appellant. [917 NYS2d 579]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Tomei, J.), rendered February 10, 2009, convicting him of attempted murder in the second degree, stalking in the first degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that a police officer's testimony at trial that another police officer gave him "bloody clothing from the defendant" implied that the other police officer had told the witness that the clothing belonged to the defendant and, therefore, the testimony violated the defendant's rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. This contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Liner*, 9 NY3d 856, 856-857 [2007]; *People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Dombroff*, 44 AD3d 785, 787 [2007]; *People v Mack*, 14 AD3d 517 [2005]) and, in any event, is without merit. In light of the police officer's testimony that he had observed paramedics removing the defendant's clothes near the crime scene and that he specifically recognized one of the items he received from the other police officer as belonging to the defendant, there is no indication that the challenged testimony was based on anything other than his own observations (*cf. People v Riviezzo*, 124 AD2d 837, 838 [1986]).

The defendant's contention that the People failed to lay a proper foundation for the admission of results of DNA testing of blood found on a pair of jeans is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Watkins*, 17 AD3d 1083, 1084 [2005]; *People v Moore*, 248 AD2d 405 [1998]). In any event, any error in admitting the results was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Kello*, 96 NY2d at 744; *People v Crimmins*, 36 NY2d 230, 242-243 [1975]; *People v Kellams*, 161 AD2d 1181, 1181-1182 [1990]; *People v Brown*, 115 AD2d 610 [1985]).

Contrary to the defendant's contention, trial counsel's failure to object to the admission of the DNA results did not constitute ineffective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Morales*, 81 AD3d 1, 19 [1st Dept 2010]). Covello, J.P., Chambers, Lott and Cohen, JJ., concur.